your honor okay great yes miss Evans Schroeder thank you you may begin when you're ready thank you I will attempt to reserve five minutes for any rebuttal please please watch your own clock thank you may it please the court Jesse Evans Schroeder on behalf of petitioner Jose Galvan Sanchez your honors to be clear we are not asking the court to decide what level of deference applies to the agency's battery or extreme cruelty standard we aren't asking the court to evaluate the underlying facts of this case at all we're asking her for a remand so that the agency can articulate the correct legal standard and adequately explain why the facts of this case do or do not meet the legal standard the vowel claim will be the focus of my time but I'll note that the failure to engage the record also infected the exceptional and extremely unusual hardship analysis and the way that the hearing was conducted in general your honors the VAWA statute is disjunctive the agency has to evaluate whether the applicant has been battered and or subject to extreme cruelty an applicant can show one or the other or both and this court's precedent in your honors case Santos v. Holder indicates that the agency must evaluate the pattern and tactics of violence and or coercive control over the course of the relationship but the immigration agency does have to evaluate both the problem in this case began with the immigration judge he didn't cite a standard at all he cited some but not all of the facts of the abuse and in his analysis which is a separate paragraph he simply says the respondent hasn't met his burden he explains there's a passage of time since the abuse there are child care and financial arrangements in place there's a continued legal marriage therefore this doesn't meet the standard if we set aside what the government calls extraneous comments what we would call extra statutory factors then all this court is left with is this doesn't meet the standard what the standard is is unclear and how the facts were evaluated in relation to this mysterious burden are also opaque is also opaque excuse me the board did cite the standard but it didn't cure the error the board said there were two incidents of physical assaults that were not violent physical abuse requiring medical attention again that is contrary to this court's precedent in Lopez Berueta but then the board went on to cite extra statutory factors that are strikingly similar to the factors cited by the immigration judge the board said the passage of time the fact that there was no lasting harm which we believe is a mischaracterization of the record and what the board mischaracterized as an amicable relationship with the petitioner's wife excuse me I'm inclined to say respondent because I'm always saying respondent in immigration court an amicable relationship with the petitioner's wife leads them to the conclusion that he again didn't meet the burden the burden of violent physical abuse or extreme cruelty they say well the burden isn't violent physical abuse is it no so I've got two questions on that point one is that's only one of the requirements for VAWA right and we just don't know whether or not your client would succeed under the other under the other requirements because the board never reached them exactly our position so what you want us to do is is to send it back for reconsideration not not say that your client is entitled to relief that leads to my next question the statute says was battered and a lot of the briefing focuses on whether somebody was the subject of a battery do they mean the same thing I think so well let me see I'm not sure that you need to make this argument but let me tell you what troubles me in trying to read this we all know that particularly from having dealt with categorical cases all the time that a battery can be committed by an unwelcome offensive touching including you know a slight shove or a touch is is that kind of battery enough to qualify under VAWA or is there is there so is a slightly higher burden here there's injuries and I'm not sure it makes a difference but I'm interested in your view about the statute I understand I mean as I read this courts both precedent and unpublished decisions I do see that there's sort of a distinction you know there was the one case where the gentleman was kind of bopped on the head I don't know and his glasses fell off or his glasses broke but I think the bottom line your honor and you know I'm not really in a position to answer that I think the agency is is that we're looking at the totality of the circumstances so there might be offensive touching that's not sufficient but in the context of the entire relationship perhaps it is a part of the battery then I'm also interested in your argument about well I guess what I would call ordinary cancellation of removal the regular basis for doing so tell me why you think the agency concluding that your client hadn't established the requisite hardship to the qualifying relatives well I think the agency correctly articulated that parental child separation is a common or ordinary result of deportation what where it's different here is that neither the IJ or the BIA engaged with the core fact that the separation between petitioner and his two children would be permanent and complete and in fact you know I think this is sort of where the bleeds into the battery and extreme cruelty it's it's not ordinary in the sense that that permanent and complete separation is a result of the wife's coercive control and using the children as an instrument of punishment or control over the petitioner now I will also say your honor that you know this court has time and again said hardship to the children failure to consider hardship to the children can be reversible error but I think that there's a case that's very analogous to what the agency did here in this court's case Santana Figueroa of the INS the board considered that the petitioner in that that the applicant in that case would suffer they acknowledged he will suffer economic detriment if he is returned to Mexico but this court said no what he will suffer is abject poverty and they failed to consider that and I think that's very analogous to oh there's separation from the children that's a common result versus no they may never see their father again because of this and the wife's control over the children so I'll go back to you know our position is that the board failed entirely to address the extreme cruelty prong and I mean these things do have to be evaluated together there was punk there were punctuations of physical violence and there was injury although is that if we conclude that the board erred on the battered prong well I think that the absolute absence of analysis of the extreme cruelty prong is the most troubling to me well but I guess I want to ask the same question again let's assume we agree with you that the board erred on on considering the battered prong and we send it back for all we know the next time through the board will make a complete analysis of the other problem so I'm just not sure why we need to analyze it ourselves in advance of a board decision I mean if you agree that there was an error in the battery prong and you agree to remand then I don't think we have to go into extreme cruelty I think that we have to talk about the absence of the extreme cruelty analysis well I mean I would like the board to have specific of course you'd like us to tell them that you to do to treat you more kindly on on remand but I'm not sure that's our job no I don't think that they need to treat us more kindly I think they simply need to articulate the standard and evaluate the facts in the record and apply those facts to the standard and explain their conclusions which they did not do we remand on the basis that the facts in the record compelled conclusion that your client was subject to battery can you can you tell me what it is that you think needs what what further analysis needs to occur either by our court in a decision or by the board on remand I think I misunderstood your question your honor can you if we find that the wreck the facts in the record here compel the conclusion that your client was battered then what more analysis do we need to undertake in our decision or does the agency need to do on remand in your view I don't think that you have to go further than that I think that that meets the threshold standard of being a victim of battery and then they have to turn to the other elements of law or relief right and they may well say you don't qualify for one of those right and that would be talking about the good moral character not being inadmissible for certain specified reasons and extreme hardship are those the other elements I think it's really the extreme hardship that was missing I mean the immigration judge never touched on that the board passed on that I sorry I'm not remembering if he made a good moral character determination I he must it's implicit because he said he qualified for both of these forms of relief and I don't read the decision I don't read the decision as punting on those other elements and only finding that there was a failure to satisfy the battery or extreme cruelty I find that I at least read the decision and perhaps your friend on the other side can speak to this with respect to their interpretation but I read the decision as as really turning entirely on the issue of the battery I do too but I do think to be fair that there is no discussion of just the bare extreme hardship discussion there's no wouldn't wouldn't the analysis of the other factors be exactly the same whether you qualified under the battery or extreme hardship exceptional yes the board would still have to go on to address these three other factors and so we'd be exactly in the same situation right if the board had if if we said the board should have found exceptional right okay I think that that's all that I have for now I'll pass it over to okay we'll reserve the balance of your time for rebuttal thank you mr. Nardi one of your honors may it please the court Anthony Nardi on behalf of the Attorney General I did just were not your honor during my friend's argument the camera zoomed in on the podium so I'm no longer able to see my time but the timer what oh perfect thank you and so just moving on first one to turn to the post briefing developments in this case particularly with respect to this court's decision in Gonzalez Juarez where the court citing to Wilkinson and the Third Circuit's decision on remand from Wilkinson found that the appropriate standard review for exceptional and extremely unusual hardship is for substantial evidence but the excuse me counsel the the standard of review for legal error that is whether the correct analysis was done is is different is it not correct around the the scenery for a legal error would be to know about right my point is that when reviewing battery and extreme cruelty under the VAWA statute our belief because of the analysis and Gonzalez Juarez looking at a mixed question of fact and law wherein the factual elements predominate over the legal ones well counsel the issue here to as I see it is whether the agency was legally incorrect in requiring physical harm and in requiring present-day battery and and it those those kinds of questions are purely legal questions are they not your honor no I think in our view that applying the substantial evidence standard review to the fact finding there is some deference owed to the agency's just weighing the facts based on this is the US Bank analysis the Supreme Court's laid out looking at there is deference owed to the agency because the IJ is physically present well not always physically present but gets firsthand experience with the testimony yes there is some legal element because it is a mixed question obviously there is a legal I'm asking I think we're we're talking past each other the question of whether battery has to be present tense or can be past tense is a legal question apart from when it occurred when it occurred is a factual question but what the requirement is for when it occurred is a similarly for violence or physical the extent of physical injury if it has to be present or it doesn't that seems like a legal question and then factually what happened is separate so I think we're kind of talking past each other but it seems to me that what the appellant is arguing is that there were legal errors your honor I think with respect to turning first to the battery problem because this is a disjunctive analysis I think all the facts that the agency relied on were about the two instances of physical harm both in the past there first when tissue is slapped three times in the face the second where he was pushed his shirt was ripped and his back was scratched okay your contention is that that doesn't constitute battery exactly right and isn't that illegal for those facts are undisputed isn't it isn't the question of whether those facts constitute battery a legal question well you keep saying no but I we've reviewed it any number of times in the past and then it seems to me the statute means nothing I understand your argument as to exceptional circumstances what's exceptional is in the eye of the beholder and that may well be a discretionary decision by the agency but as to whether someone was battered it's a question of taking the facts as found by the agency and applying the legal standard of what battered is and if under your view if somebody were beaten to a pulp and the agency said we don't think that's battery you would have to say we have no jurisdiction whatsoever to review that finding no your honor so to be clear and to answer your question asked my friend on the other side earlier we don't think battery are battered within the meaning of the statute maps on to the state law or federal law definition battery no I understand what legal what legal standard we apply to it you're perfectly free to argue you're free to argue anything but I have great difficulty understanding an argument that whatever standard we we would apply is irrelevant because we just can't review the agency's determination that they're that this petitioner wasn't battered was battered but again your honor I think similar to how this court analyzes exceptional extremely unusual hardship the court tested because of the jurisdictional bar reviewing of discretionary facts the court can't decide what fact was or was not found over this court is free even though I think the difference is there's agreement about what the facts are I don't think those are in dispute I heard you you agree with judge Hurwitz when he's when he stated the facts those are the facts so now I think what you're arguing for is is really just a heightened injury requirement you think that there should be a different standard but the but our case law and Hernandez in particular makes clear that any act of physical abuse constitutes battery and here the IJ found that the petitioner was subject to physical abuse so if you want to argue that there should be a different legal standard I think that that is essentially where you're going but the facts are not in dispute and we have a case that very clearly says that any physical abuse is enough to establish battery you're not gonna answer in two parts first with respect to the legal standard itself we don't disagree we think within a mixed question of action on there's both factual elements and a legal analysis okay then we can then we can review if there's no dispute about the facts correct correct you can you I think the way in other courts have analogized this there's a stack of bricks which are the facts and you're measuring up against a signpost which is a legal standard we don't think the court gets to review what the facts are is found but we think the court gets to review we're not we don't need to we don't need to because they're agreed upon so then why isn't Hernandez controlling your honor with respect to Hernandez I think first off to be clear Hernandez itself is not a case about battery as the court there noted at the time the statute required the harm to occur within the United States but it was clear that the harm had not occurred in the United States now also to be clear the harm there was the spouse had broken a chair over a petitioners back and the court said this clearly meets the standard battery we agree however the remainder of the analysis in Hernandez is particularly looking at this distinction between what types of acts can constitute battery and what types of acts can constitute extreme cruelty the court there says it's that physical touch line that distinguishes between battery and extreme cruelty however I think looking at you know the past 20 years of courts citing to and applying Hernandez there's numerous examples of this court and I think petitioner my friend the other side cites to one of them we're citing to Hernandez there is clearly an instance of a physical touching that's in G gang way where again those are unsightable those are unsightable dispositions they're not oh they're not only mem dispositions but we have a rule that says if a mem disposition was issued before January 1st 2007 it is unsightable we were that rule your were you aware of that rule so how do you how can you cite them you cited them I'm not asking for what purpose you cited them it said a rule says those decisions are I'm quoting now unsightable you cited them didn't you violate the rule your honor that I apologize that again our position is simply to note that there is this long history and I agree they are all in public decisions there are no way binding on the panel today do you have any precedential authorities for your proposition that two incidents of minor physical violence over the course of even years are not sufficient to demonstrate battery because I agree with judge Hurwitz that that you've cited only these two unpublished memorandum in violation of our rule for a proposition that I can't find any precedential authorities for do you have your honor no I'm unaware of any published decision of this court finding no battery in a one of these cases I think even an unsightable memorandum did even a citable memorandum disposition because you can write memorandum dispositions to us published after that date we may not have to give them precedential value but we can regard them for their whatever persuasive value you have so let me expand judge decides question do you even have an a memorandum disposition that supports your position no your honor to my knowledge every case in this court has reviewed VAWA battery analysis of the VAWA cancellation that finds battery was was published those are the two decisions in Lopez-Guerrero and Hernandez and it doesn't Lopez actually refute the very notion of a heightened injury requirement that you're arguing for here we've rejected the argument that you are making here that somehow there is a heightened injury requirement your honor yet I agree Lopez does say that yes there is but again the harm of issue in Lopez is petitioner spouse drunkenly beating their two young children multiple times a week leaving wealth it seems in every case that is unpublished in this court looking at the battery analysis there are instances where this court has found that a even harm physical harm done upon the petitioner is not sufficient to rise to the level of battery and I think these two different sets of cases look at there clearly is a line that where some harm does rise to the level of battery another harm does not rise to the level of battery and in all of these unpublished decisions the line has not been merely physical touching and I think that's the distinguishing factor though to answer your question directly your honors no I'm unaware of any published case where this court has held that type of harm does not rise to the level of battery okay so can you answer the question that I asked your friend on the other side which is assuming that we find the facts in the record compel a conclusion that that petitioner satisfied the battery requirement what what is the appropriate remedy your honor they would have me to be remanded back to the agency I would agree with your honors the premise of your question that yes the IJ seemed to agree that all of the other elements of the claim were met however I think the board would still have the opportunity to review those findings on appeal and particularly with respect to discretionary element the board would review that to know so I think there is still meaningful analysis for the agency to conduct even if the court finds that the battery element is met let me ask a question about that your position is that the IJ did address the other elements your honor I don't think the IJ did a meaningful analysis of them however based off the IJs discussion and limiting the scope of testimony saying that yes the only need to articulate facts with respect to battery and extreme tool cruelty for VAWA and then for exceptional and extreme unusual hardship for normal cancellation it seems that the IJ was indicating that he would have granted if those two legal thresholds yes see the reason I asked the question is it might if we agree with your friends position it might affect to our directions on remand in other words if we think the IJ already addressed those issues and we'd remand for the BIA to consider which it plainly did not those elements of the IJs decision if we think the IJ didn't direct them the BIA we probably have to say this should go back to the IJ to address the other elements so that's why I'm your position is that the IJ actually did address those other elements and ruled against the petitioner your honor our position is that the board never had the opportunity to address those things because the IJ ultimately denied on these two discrete grounds however I'm merely responding to your honor's questions about how the IJ's decision reads I think it's it's undeniable that because of the types of questions the idea was asking and particularly the colloquy with petitioners counsel that her testimony really only needed to focus on these two discrete legal issues I think it's clear that the IJ was going to grant they actually make some statements on the record saying that discretion is not an issue in this case at least a good moral character is not an issue in this case yeah so I guess it's enough for your purposes that's if we remand somebody at the agency level we'll have to address these other three issues and we don't we shouldn't worry about which whether it's the IJ or the board correct and to be clear at the end of the day yes while the IJ may have addressed these other elements of both the VAWA and cancellation claim the board clearly did not the board rested only on the two dispositive grounds of the IJ cited the court has no further questions just briefly returning the standard review we do think the court should take this opportunity look into the same legal framework this court analyzing it's all as far as should apply the central evidence standard to review of battery and extreme cruelty the court has no further questions well thank you your honors here's not thank you very much counsel your honors I appreciate you clarifying and sort of narrowing the issues I think that if if the remand is simply on battery then that is sufficient I do defer to the court in terms of the courts interpretation of the IJ's instructions to simply focus on battery extreme cruelty and exceptional and extremely unusual hardship but well let me ask you a question on the battery front because it seems to me there are two possibilities here one is that we say you applied the wrong legal standard in determining whether there was battery and we're sending it back so that you can apply the correct legal standard without relying on these I think three impermissible elements that the board identified or we could say as judges I suggested given the undisputed facts the record compels the conclusion that there was battery and therefore you need to go back and look at the other elements of all our relief what I know it's when you'd rather but I'm trying to figure out what do you what do you think is the appropriate thing for this court to do I mean in light of this courts precedent I do think that the record compels the conclusion that he was subject to battery and you know it is different in kind than the cases that this court has passed on there is actually I mean it's not the most egregious thing that you've ever seen of course with these cases we see a lot of horrible stuff but there is actual physical injury I realize it didn't require medical attention but neither did the injury in Lopez Berueta it was welts and he had scratches so I think that the record compels under this court's precedent that the agency determined that this is battery but if it doesn't then I would prefer that the records remanded for both an analysis of whether it's battery under the court's precedent and an analysis of the the extreme cruelty because I think that's there as well nothing else I think there any other questions Thank You counsel thanks for the helpful argument in this case which is now submitted and we will hear argument next in UV bite dance
judges: GRABER, HURWITZ, DESAI